UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CALDWELL,<br><br>    Petitioner,<br><br>    v.<br><br>V. FOSS,<br><br>    Respondent. | No. 2:19-cv-00679 TLN GGH P<br><br>FINDINGS & RECOMMENDATIONS |

    Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(e).

    On February 3, 2020, the undersigned issued findings and recommendations recommending dismissal based on petitioner's lack of prosecution and failure to comply with the court's order. ECF No. 15. On March 9, 2020, the assigned district judge adopted the undersigned's findings and recommendations, dismissed the action, and directed the Clerk of the Court to close the case. ECF No. 16. Judgement was entered the same day. ECF No. 17. On May 29, 2020, petitioner filed a motion to reopen this closed action. ECF No. 18.

    Federal Rule of Civil Procedure Rule 60(b) provides a district court "may relieve a party" "from a final judgment" for "(1) mistake, inadvertence surprise, or excusable neglect; (2) newly discovered evidence[;]" "(3) fraud[;]" "(4) the judgment is void; (5) the judgment has been

1

satisfied[;]" or "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is warranted only if extraordinary circumstances exist. Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir. 1995) (citing Ackermann v. United States, 340 U.S. 193, 199–201, 71 S.Ct. 209, 212–13 (1950)). In support of his motion, petitioner states "at the time I had to respond to the respondent's motion to dismiss and Findings and Recommendations filed February 3rd, 2020 (ECF No. 15) my access to the law library was 'unreasonable' and out of my control due to the COVID-19 outbreak, and access was not made available at the time." Id. at 2. It appears petitioner seeks to be relieved from judgment due to excusable neglect, hardship or delay resulting from a lack of access to his materials due to the COVID-19 pandemic. However, the motion to dismiss was filed on June 27, 2019. ECF No. 9.  All of petitioner's defaults in this case occurred before COVID-19 was even a whisper in this country.  The COVID-19 excuse is disingenuous.

   Petitioner had been warned on numerous occasions of his responsibility to timely respond to respondent's motion to dismiss and comply with court deadlines and court orders. See ECF Nos. 10 (Order to Show Cause dated August 19, 2019); 11 (Findings and Recommendations dated October 22, 2019); 14 (Order dated December 2, 2020); 15 (Finding and Recommendations dated February 3, 2020). This court previously vacated its findings and recommendations based on a failure to prosecute based on petitioner's contentions that he did not have access to his materials due to lockdowns, facility transfers, and his ignorance of the law. See ECF Nos. 12, 14. This court has afforded petitioner numerous opportunities to properly litigate this action. Instead, petitioner has continuously failed to comply with the court's orders and deadlines. Accordingly, petitioner has failed to demonstrate the existence of extraordinary circumstances entitling him to relief pursuant to Fed. R. Civ. P. 60(b).

Accordingly, IT IS HEREBY RECOMMENDED that:

   1. Petitioner's motion to reopen this action (ECF No. 18) be DENIED; and

   2. Any further filings from petitioner in this closed case be disregarded.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 29, 2020

/s/ Gregory G. Hollows<br>UNITED STATES MAGISTRATE JUDGE